UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUN PING ZHANG,<br><br>            Petitioner,<br><br>    -against-<br><br>PAMELA BONDI, *et al.*,<br><br>            Respondents. | 25-CV-10418 (JPO)<br><br>ORDER TO ANSWER, 28 U.S.C. § 2241 |

J. PAUL OETKEN, United States District Judge:

Petitioner has filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241.  The Court, having examined the Petition, hereby ORDERS that:

(1) Within **two business days of the date of this Order**, Respondents shall file a letter with the following information:

    a. whether Petitioner was located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

    b. Petitioner's A-number, current place of detention, and a contact person who can facilitate counsel's access to Petitioner;

    c. the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

    d. whether, if the government provided no notice of revocation of release and no informal interview to contest the revocation, there is any basis to distinguish this case from recent decisions from this Court concerning 8 C.F.R. § 241.13.  *See, e.g.*, *Funes v. Francis*, No. 25-CV-7429, 2025 WL 3263896 (S.D.N.Y. Nov. 24, 2025); *Zhu v. Genalo,* No. 25-CV-06523, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); *M.Q. v. United States*, 776 F. Supp. 3d 180 (S.D.N.Y. 2025).  If not, whether Respondents would consent to issuance of the writ—subject to preservation of Respondents' arguments for appeal.  If there is a basis to distinguish, whether Respondents waive the right to submit an answer and consent to issuance of the writ subject to preservation of Respondents' arguments for appeal.

     e.   a copy of any final order of removal; and

     f.   any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings

(2) Unless and until the Court orders otherwise, Respondents shall file an answer to the Petition within **three business days of the date of this Order**; and

(3) Unless and until the Court orders otherwise, Petitioner shall file any reply within **ten business days of the date of this Order**.

The parties shall then appear for a telephonic case management conference with the Court on **December 19, 2025** at **3:00 p.m.**  Counsel should call (855) 244-8681 at the scheduled time.  The attendee ID number is 2312 828 7066.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court.  *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644, 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases.").  **Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.**  *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828, 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

**CONCLUSION**

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

Within **two business days of the date of this Order**, Respondents shall file a letter with the Court with the information described in this Order.

The parties shall then appear for a telephonic case management conference with the Court on **December 19, 2025** at **3:00 p.m**.

SO ORDERED.

Dated:    December 16, 2025
          New York, New York

_____
J. PAUL OETKEN
United States District Judge

3