UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUN PING ZHANG,

                        Petitioner,

                -v-

PAMELA BONDI, *et al.*,

                        Respondents.

25-CV-10418 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, United States District Judge:

      Dun Ping Zhang has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his detention is unlawful under statutory and regulatory provisions as well as the Due Process Clause of the United States Constitution.  Zhang seeks a writ of habeas corpus ordering Pamela Bondi, Marcos Charles, Todd Lyons, and Kristi Noem (collectively, "Respondents") to immediately release him from custody.

**I.**      **Background**

           **A.**      **Factual Background**

      Unless otherwise noted, the following facts are undisputed.  Petitioner Dun Ping Zhang is currently being detained by Immigration and Customs Enforcement ("ICE") at Orange County Jail in Goshen, New York.  (ECF No. 13 at 1.)  A native and citizen of the People's Republic of China, Zhang was admitted to the United States as a lawful permanent resident in March 1986.  (ECF No. 16 ("Resp.") at 10; ECF No. 17 ¶ 3.)  Following arrests in 1996 and 1997, Zhang was convicted of a series of crimes.  (ECF No. 17 ¶ 4.)  He was sentenced to a term of imprisonment and was released from incarceration on February 21, 2002.  (*Id.* ¶¶ 5, 11.)

      On February 8, 2000, while serving his criminal sentence, Petitioner was served with a Notice to Appear, the charging document used to commence removal proceedings, charging

Zhang as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), in that after admission, he had been convicted of an aggravated felony as defined in section 101(a)(43)(A)&(U) of the Immigration and Nationality Act ("INA"). (*Id.* ¶ 7.)

On October 25, 2000, an Immigration Judge found Zhang ineligible for all forms of relief and ordered him removed to China. (*Id.* ¶ 8.) On November 24, 2000, Zhang filed an appeal with the Board of Immigration Appeals ("BIA"), and on March 23, 2001, the BIA affirmed the Immigration Judge's decision, rendering the removal order final. (*Id.* ¶¶ 9-10; ECF No. 1 (Pet.) at ¶ 15).)

Upon his release by the New York State Department of Corrections, Zhang was detained by the former Immigration and Naturalization Service ("INS") pursuant to 8 U.S.C. § 1231(a) pending his removal to China. (ECF No. 17 ¶ 12.) In January 2003, the Chinese Consulate informed the INS that it was "unable to favor" Zhang's deportation. (*Id.* ¶ 14.) As a result, the INS was unable to obtain a travel document for Zhang's removal, and Zhang was released on an Order of Supervision ("OSUP"). (*Id.* ¶ 15.) Over the years, Zhang has appeared for several subsequent check-ins. (*See id.* ¶¶ 18-23.)

At his most recent OSUP appointment on December 16, 2025, Zhang was arrested and detained by ICE officials. (Pet. ¶ 18.)

B.     **Procedural Background**

On the day of Zhang's detention, he filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Pet.) The Court issued an Order to Answer. (ECF No. 11.) That order directed: (1) Respondents to file a letter with information about Zhang's status, including whether the government provided notice of revocation of release and an informal interview; (2) Respondents to answer the petition, (3) Zhang to file any reply; (4) both parties to attend a

telephonic case management conference on December 19, 2025. (*Id.* at 1-2.) To preserve its jurisdiction, the Court also ordered that Zhang not be removed from the United States. (*Id.* at 2 (citing *Khalil v. Joyce*, No. 25-CV-1935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025)).)

Respondents filed a response to the Order to Answer on December 18, 2025. (ECF No. 13.) Following the telephone conference on December 19, 2025, at which counsel for Respondents did not appear (ECF No. 14), Respondents filed their response to the petition on December 22, 2025 (*see generally* Resp.) and attached the Notice of Revocation of Release (ECF No. 15-7), the Warrant of Removal (ECF No. 15-8), and the declaration of deportation officer Mincheol So (ECF No. 17). Zhang filed a reply on December 29, 2025 (ECF No. 18 ("Repl.")) and attached a declaration of Zhang's attorney, Theodore Cox (ECF No. 19).

**II.    Discussion**

Zhang's petition raises four independent challenges to his detention. Because the Court concludes that the Notice of Revocation of Release (the "Notice") itself violated Zhang's procedural due process rights, it need not address Zhang's other grounds.[1]

"[T]he Fifth Amendment entitles noncitizens to due process of law . . . whether their presence here is lawful, unlawful, temporary, or permanent." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020). "The Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review." *Id.* (citing *Boumediene v. Bush*, 553 U.S. 723, 781-83 (2008)). Accordingly, a challenge to ICE's revocation of Zhang's OSUP and detention "without providing the required notice and an opportunity to be heard . . . implicate[s] the Due Process Clause." *Zhu v. Genalo*,

---

[1] The facts of this case resemble those of *Zhang v. Genalo*, No. 25-CV-06781, 2025 WL 3733542 (E.D.N.Y. Dec. 28, 2025), and this opinion relies heavily on the well-reasoned analysis of Judge Morrison in that case.

798 F. Supp. 3d 400, 408 (S.D.N.Y. 2025); *see also Chipantiza-Sisalema v. Francis*, No. 25-CV-5528, 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (holding that ICE's failure to comply with procedures already in place amounts to a denial of due process); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 495-96 (S.D.N.Y. 2025) (same). "Those basic due process protections apply no less to persons like [Zhang]—that is, a non-citizen with a felony criminal conviction who has been served with a final order of removal." *Zhang v. Genalo*, No. 25-CV-06781, 2025 WL 3733542, at *9 (E.D.N.Y. Dec. 28, 2025).

### A.     Section 241.4(*l*) Procedural Requirements

Section 241.4(*l*) of Title 8 of the Code of Federal Regulations governs "Revocation of release." Section 241.4(*l*)(1) provides that a non-citizen who violates conditions of his or her OSUP may be returned to custody. That section continues:

> "Upon revocation, the alien will be notified of the reasons for revocation of his or her release . . . [and] will be afforded an initial informal interview promptly after his or her return to Service custody to afford [him or her] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(*l*)(1).

In turn, § 241.4(*l*)(2) enumerates four situations in which "[r]elease may be revoked in the exercise of discretion . . . of the revoking official":

> (i)     The purposes of release have been served;
> (ii)    The alien violates any condition of release;
> (iii)   It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or
> (iv)    The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

*Id.* § 241.4(*l*)(2).

Respondents contend that, as Zhang's release was revoked pursuant to § 241(*l*)(2), ICE was free to exercise its discretion without the regulatory requirement of § 241(*l*)(1) to provide advance notice and an interview opportunity. (Resp. at 15.) "In contrast,"

4

Respondents argue, a non-citizen "whose release is revoked . . . under section 241.4(*l*)(1) must be notified at the time of revocation of the release for revocation, and must be afforded an initial interview." (*Id.* at 15 n.2.)

As explained by Judge Morrison in her December 28, 2025 opinion, this position "conflicts with the overwhelming weight of persuasive authority," as courts have "consistently found the procedural requirements outlined in (*l*)(1) equally apply to revocation under (*l*)(2)." *Zhang*, 2025 WL 3733542, at *10 (collecting cases). By contrast, "Respondents have cited *no* case in which a court has adopted their novel, dual-track interpretation of § 241.4." *Id.*

Moreover, as in Judge Morrison's case, Respondents' position is belied by the Notice of Revocation that was allegedly served on Zhang. (*See generally* ECF No. 15-7 ("Not. of Rev.").) The Notice, which claims to be issued pursuant to § 241.4 without specifying a sub-provision, states: "You will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation." (*Id*. at 2.) ICE has been using this language in its form notices of revocation for at least the past eight years. *Funes*, 2025 WL 3263896, at *16 (citing *Rombot v. Souza*, 296 F. Supp. 3d 383, 385 (D. Mass. 2017)). "The history of the regulation as implemented by ICE thus belies the agency's recent litigation position . . . that these protections apply only where the revocation is based on violating a condition of release." *Id.* at *17. "This suggests that the government's stance that no notice or informal interview is required in [Zhang's] situation is a 'post hoc rationalization of past agency action' that should not be given deference." *Zhang*, 2025 WL 3733542, at *10 (alterations adopted) (quoting *Ceesay*, 781 F. Supp. 3d at 163).

Accordingly, pursuant to ¶§ 241.4(*l*), Zhang was entitled to notice of the reasons for revocation of his release and an initial informal interview promptly after his return to custody that afforded him an opportunity to respond to the reasons for revocation.

### B. Adequacy of Zhang's Notice of Revocation

Given that ICE was obligated to provide Zhang with notice of the reasons for his revocation, the question is whether proper notice was given.

Respondents have produced a copy of the written "Notice of Revocation of Release" allegedly provided to Zhang at the time of his detention on December 16, 2025. (*See generally* Not. of Rev.; ECF No. 17 ¶ 24.) Zhang disputes that he was provided a copy of this notice or a formal interview to contest the revocation.[2] (Pet. ¶ 18.) However, based on a review of the Notice and the lack of evidence sufficiently establishing that Respondents gave Zhang the required informal interview, the Court concludes that the Notice failed to meet the procedural requirements of § 241.4(*l*). This Court therefore need not resolve the question of whether Zhang was actually served with the Notice at the time of his detention.

Importantly, § 241.4(*l*) requires that a petitioner "be notified of the *reasons* for revocation of his or her release." 8 C.F.R. § 241.4(*l*)(1) (emphasis added). "The undisputed purpose of this requirement is to give the non-citizen an opportunity to respond to or otherwise contest the reasons for the revocation." *Zhang*, 2025 WL 3733542, at *11. For this reason, courts in this district and elsewhere have found notices of revocation of release to be deficient when they fail to make specific findings as to the appropriateness of enforcing a removal order. *See Torres-*

---

[2] Zhang's petition cites 8 C.F.R. § 241.13(i), which provides that if the non-citizen "is not released from custody following the informal interview . . . the provisions of § 241.4 shall govern [his] continued detention pending removal." 8 C.F.R. § 241.13(i)(2). Ultimately, then, Zhang challenges both ICE's compliance with 8 C.F.R. § 241.13(i) and § 241.4, as he was not released from custody following any informal interview.

*Jurado v. Biden*, No. 19-CV-3595, 2023 WL 7130898, at *4 (S.D.N.Y. Oct. 29, 2023) (concluding that a notice of revocation of release was deficient because it "stat[ed] only that 'a travel document appears forthcoming'"); *Perez-Escobar*, 792 F. Supp. 3d at 226 (holding that a notice of revocation was deficient where ICE "merely asserted that 'there is a significant likelihood of removal in the reasonably foreseeable future,' that 'the purpose of [Petitioner's] release has been served,' and that 'it is appropriate to enforce the removal order'" without "identify[ing] any specific changed circumstances to support these assertions"). Failure to make such findings violates 8 C.F.R. § 241.4(*l*) and due process. *See Perez-Escobar*, 792 F. Supp. 3d at 226; *Rombot*, 296 F. Supp. 3d at 388 ("[W]here an immigration 'regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute,' like the opportunity to be heard, 'and [ICE] fails to adhere to it, the challenged [action] is invalid.'" (alterations in original) (quoting *Waldron v. I.N.S.*, 17 F.3d 511, 518 (2d Cir. 1993))).

Here too Respondents did not make proper findings that it was "appropriate to enforce a removal order" against Zhang. *Torres-Jurado*, 2023 WL 7130898, at *4. Instead, much like in *Torres-Jurado*, the Notice to Zhang stated only that "ICE is acquiring a travel document on your behalf and your removal is now imminent." (Not. of Rev. at 2.) This language is insufficient to satisfy Respondents' burden of "identify[ing] any specific changed circumstances to support" the assertion that it is appropriate to enforce a removal order. *Perez-Escobar*, 792 F. Supp. 3d at 226.

Under § 241.4(*l*), the purpose of a notice of revocation is served only if it is sufficiently specific, such that the noncitizen is "afford[ed] . . . an opportunity to respond to the reasons for revocation stated in the notification" at "an initial informal interview." 8 C.F.R. § 241(*l*)(1).

7

Here, as discussed above, the text of the Notice alone was not sufficient to have made Zhang properly aware of the "reasons" for his revocation.

Further, Zhang has contended that he was never given the required informal interview to respond to the reasons for revocation stated in the Notice (Pet. at ¶ 18), and Respondents have not met their burden of establishing that they did provide such an interview. The only piece of evidence in the record that an informal interview was conducted is Deportation Officer So's declaration that Zhang was "provided an opportunity to respond to ICE's revocation of the [OSUP] through an informal interview." (ECF No. 17 ¶ 24.) This declaration does not provide a sufficiently reliable basis for concluding that the interview was actually conducted.

In *Zhang v. Genalo*, the government submitted an interview form to the court as evidence that an informal interview was conducted. *Zhang*, 2025 WL 3733542, at *14. Even so, Judge Morrison concluded that the form did not provide a reliable basis on which to conclude that the interview was conducted, as the form had various sections left blank, which "raise[d] more questions than . . . answers about whether Respondents complied with the law at the time of Zhang's revocation." *Id.* In the instant case, Respondents did not even submit a form, let alone an incomplete one, but instead cite only the Notice, which merely states that Zhang "will be promptly afforded an informal interview." (Not. of Rev. at 2.) This absence of any interview form does not provide a reliable basis on which to conclude that the interview was actually conducted or even offered.

Accordingly, the Court finds that Zhang was given deficient notice of the reasons for the revocation of his release and was not given an opportunity to respond to the reasons for revocation as required by 8 C.F.R. § 241.4(*l*) and due process.[3]

---

[3] Although not specifically raised in the petition, the Notice of Revocation suffered from

8

### III. Conclusion

This Court joins the other courts in this circuit that have ordered a petitioner's immediate release from detention after finding that ICE violated procedures under § 241.4(*l*) in revoking the petitioner's OSUP, by failing to provide a legally sufficient notice of revocation, an informal interview, or both. *Zhang*, 2025 WL 3733542, at *16 (citing *Zhu*, 798 F.Supp.3d at 414-15; *Ceesay*, 781 F. Supp. 3d at 170.) "The lawful revocation of the petitioner's supervised release presents a low bar to the Government, and they may yet choose to clear it, but they have not done so on the present record, and accordingly Zhang must be released from custody immediately." *Id.* (cleaned up) (quoting *E.M.M.*, 2025 WL 3077995, at *6).

**Respondents are hereby ORDERED to immediately release Zhang from custody and to certify compliance with this order by filing an entry on the docket no later than 12:00 p.m. on January 8, 2026.**

SO ORDERED.

Dated:   January 7, 2026
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

an independent defect that would warrant granting habeas relief. Zhang's Notice was signed only by Assistant Field Office Director Darius Robinson. (ECF No. 15-7 at 2.) But as other courts in this circuit have held, assistant field office directors are not authorized to revoke OSUPs. *See Zhang*, 2025 WL 3733542, at *8-9; *E.M.M. v. Almodovar*, No. 25-CV-8212, 2025 WL 3077995, at *6 (S.D.N.Y. Nov. 4, 2025); *Funes*, 2025 WL 3263896, at *19-20. The relevant regulation, 8 C.F.R. § 241.4(*l*)(2), grants only the "Executive Associate Commissioner" that authority, and a subsequent internal ICE memo delegating certain authority to assistant field office directors does not grant OSUP revocation authority. *See, e.g.*, *Funes*, 2025 WL 3263896, at *19-20.